IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

LEE SWENNEY SINCLAIR,                    :
                                         :
        Plaintiff,                       :
                                         :
VS.                                      :        **1 : 13-CV-63 (WLS)**
                                         :
DR. MCGEE, *et al.*,                     :
                                         :
        Defendants.                      :
_____:

## ORDER AND RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. §

1983 on April 16, 2013.   (Doc. 1).   Presently pending in this action are Defendants' Motion to

Dismiss some claims, and Plaintiff's Motion to Perfect Service [of] Process, Motion to Enter

Judgment by Default, Motion to Stay, and Motion for Appointment of Counsel.   (Docs. 15, 18,

19, 20, 30).

## Background

Plaintiff's Complaint alleges that Defendants were deliberately indifferent to Plaintiff's

serious medical needs, violating his Eighth Amendment rights.   (Doc. 1).   Plaintiff asserts that he

was diagnosed with a bulging degenerative disc prior to his incarceration at Autry State Prison

("ASP").   In July and October of 2012, Plaintiff was seen by a doctor at Augusta State Medical

Prison, who recommended that Plaintiff receive certain medications, steroid injections, physical

therapy, and a tens unit.   Plaintiff alleges that Defendants, medical professionals within the

Georgia Department of Corrections, have not provided Plaintiff with the recommended treatment

as Plaintiff has requested, but have provided "easier and less efficacious treatment for [Plaintiff's]

back[.]" (Doc. 1, p. 10).

***Default Judgment (Doc. 19)***

On August 7, 2013, Plaintiff filed a Motion requesting the Court enter default judgment against Defendants.   "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. P. 55(a).

The entry of default or default judgment is not appropriate in this case.   Waiver of service forms were mailed to Defendants on May 30, 2013.   (Doc. 10).   Signed waivers were returned by all four Defendants.   (Docs. 13, 26, 27).   As signed waivers were returned, each Defendant had sixty (60) days from the date the waiver of service form was mailed, or until July 29, 2013, to file an answer to Plaintiff's Complaint.   Fed. R. Civ. P. 4(d)(3).   Defendants filed a Motion to Dismiss on July 26, 2013.   (Doc. 15).   Defendants timely filed their response and, therefore, did not fail to plead or defend this action.   *See* Fed. R. Civ. P. 12(a)(4) and 12(b).   Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion to Enter Judgment by Default be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***Motion to Dismiss (Doc. 15)***

Defendants filed a Motion to Dismiss stating that some of the claims alleged in this action should be dismissed: (1) any claim premised on events occurring prior to April 2011, (2) any

claim alleged against Defendants in their official capacity, and (3) any claim alleging a violation of state law.

*Claims arising in 2009*

Defendants assert that any claims premised on events prior to April 2011 are barred by a two year statute of limitations.   (Doc. 15-1).   Specifically, Defendants assert that any claims alleging improper medical care from "2009, until to date," should be dismissed.   (*Id.*, *see* Doc. 1, p. 9).   In his Response, Plaintiff states that his Complaint is based on events occurring from August 2012 until the present, and that any dates prior to August 2012 were provided only as background to his claim.   (Doc. 22).   Based on a review of the Complaint and Plaintiff's Response, the Court finds that Plaintiff has not alleged claims premised on conduct that occurred in 2009.

However, in an abundance of caution, the Court will nevertheless review the 2009 allegations.   In his Complaint, Plaintiff states

> That since 2009, until to date, Plaintiff has continually requested proper medical care for his back from various medical personnel and prison officials, with each requests being denied.   Requests for proper medical care for his back, since 2009, until to date, Plaintiff has made his requests for such care at several Georgia State penal facilities, and neither medical personnels, or prison officials, has ahered to prior recommended treatments for Plaintiff's back problem. (sic)

(Doc. 1, p. 9).   Plaintiff has failed to identify any individuals that are capable of being served as to the 2009 conduct.   As the Complaint cannot be served against unnamed individuals, it is the recommendation of the undersigned that any claim premised on the 2009 conduct be dismissed. *See Williams v. Barrett*, 287 Fed.Appx. 768, 770 ("A plaintiff's failure to identify and serve

unnamed defendants in a timely fashion requires dismissal.").

*Official Capacity*

Defendants assert that they are entitled to dismissal of the allegations against them in their official capacity. (Doc. 15-1). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)). This immunity also extends to state agencies and state officers. "[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents[.]" *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). The Court has repeatedly held that "§1983 does not override a State's Eleventh Amendment immunity." *Will v. Michigan Dept of State Police*, 491 U.S. 58, 63 (1989); *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kentucky*, 473 U.S. at 169 n. 17. Accordingly, the undersigned recommends that the claims against Defendants in their official capacities be dismissed.

*State Law Claims*

Defendants also assert that Plaintiff has alleged a state tort claim in his Complaint, and maintain that Plaintiff cannot bring state law claims, in part, because Defendants are immune from tort liability under the Georgia Tort Claims Act ("GTCA"). (Doc. 15-1). In his Response, Plaintiff contends that he is alleging his claims under § 1983, and is not asserting state law tort claims. (Doc. 22).

After reviewing the Complaint, the Court finds that Plaintiff has not asserted a state law claim, but has possibly attempted to allege a claim of medical negligence under the federal statute, § 1983. Medical negligence, medical malpractice, or disagreements over the method of treatment

4

are not sufficient to state a claim of deliberate indifference.   *Simpson v. Holder*, 200 Fed. Appx. 836, 839 (11th Cir. 2006).   As a claim for medical negligence is not actionable under § 1983, it is the recommendation of the undersigned that any claim alleging negligence against Defendants be dismissed.

Further, even if Plaintiff did assert a <u>state</u> law tort claim, this claim would also fail. O.C.G.A. § 50-21-25 provides the exclusive remedy for a tort committed by a state officer or employee while acting within the scope of his official duties.   "A person bringing an action against the state under the provisions of this article must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually."   O.C.G.A. § 50-21-25(b).

"The GTCA's exemption of state officers and employees from liability for torts committed while acting within the scope of their official duties or employment has been construed broadly to include unauthorized tortious acts that occur during the time the officer or employee is engaged in performance of his official duties."   *Tootle v. Cartee*, 280 Ga.App. 428, 430-31 (2006); *see also Davis v. Standifer*, 275 Ga.App. 769, 771 (2005) ("Where the state employee acts in the prosecution and within the scope of [his official duties], intentional wrongful conduct comes within and remains within the scope of employment." (alteration in original) (internal quotations omitted)).

Plaintiff has not challenged Defendants' assertion that they were acting within the scope of their employment when they were allegedly deliberately indifferent to Plaintiff's serious medical needs, violating his Eighth Amendment rights.   Any possible state law claims must fail as Plaintiff did not name as defendant the appropriate state government entity, and the individual Defendants,

5

as employees of the state, have immunity from suit under state law.   Therefore, the undersigned recommends that any alleged state law claim be dismissed.

### Conclusion

It is the recommendation of the undersigned that Defendants' Motion to Dismiss some claims be **GRANTED** as follows: (1) any claim premised on events occurring prior to April 2011 be dismissed, (2) claims alleged against Defendants in their official capacities be dismissed, and (3) any claim arising out of negligence, whether under § 1983 or under state law, be dismissed. The *only* remaining claim in this action would be that Defendants (McGee, Brown, Barron, and Lewis) were deliberately indifferent to Plaintiff's serious medical needs.   (*See* Doc. 1, p. 10).

If the district judge assigned to this case adopts this Recommendation, Defendants are **DIRECTED** to file an Answer to the Complaint within **twenty-one (21) days** from the date an order is entered adopting this Recommendation and granting the partial Motion to Dismiss.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### *Motion to Perfect Process (Doc. 18)*

Plaintiff filed a Motion to Perfect Process stating that he had not received acknowledgment of Defendants' receipt of the Complaint.   It appears that Plaintiff's Motion and Defendants' Motion to Dismiss (their response to the Complaint) may have crossed in the mail.   As Defendants have responded to Plaintiff's Complaint, Plaintiff's Motion to Perfect Process is hereby **found to be moot.**

***Motion to Stay (Doc. 20)***

In his Motion to Stay, Plaintiff requests the Court stay its Order granting Defendants'

Motion to Stay Discovery until the Court reviews Plaintiff's Response to Defendants' Motion.

The Court has considered Plaintiff's Response to Defendants' Motion to Stay Discovery (Doc.

21), and finds no reason to change its August 1, 2013 Order staying discovery.   As stated in that

Order, discovery may commence on the date that an order from a district judge is filed which

resolves the pending Motion to Dismiss.   Accordingly, Plaintiff's Motion to Stay is **DENIED**.

***Motion for Appointment of Counsel (Doc. 30)***

On October 30, 2013, Plaintiff filed a Motion for Appointment of Counsel.   Generally

speaking, no right to counsel exists in § 1983 actions.   *Wahl v. McIver*, 773 F.2d 1169, 1174

(11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).

Appointment of counsel is a privilege that is justified only by exceptional circumstances. *McCall*

*v. Cook*, 495 Fed. Appx. 29, 31 (11th Cir. 2012); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th

Cir. 1985); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among

other factors, the merits of Plaintiff's claim and the complexity of the issues presented.   *See Holt*

*v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears

that at the present time, the essential facts and legal doctrines in this case are ascertainable by

Plaintiff without the assistance of Court-appointed legal counsel and that the existence of

exceptional circumstances has not been shown by Plaintiff.   The Court on its own motion will

consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal

assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motion for

Appointment of Counsel is **DENIED**.

      **SO ORDERED AND RECOMMENDED**, this 19th day of November, 2013.

                                      s/ ***THOMAS Q. LANGSTAFF***
                                        UNITED STATES MAGISTRATE JUDGE

llf