IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LEE SWEENEY SINCLAIR, | : |
| Plaintiff, | : |
| v. | : Case No. 1:13-cv-63 (WLS) |
| DR. MCGEE *et al*, | : |
| Defendant. | : |

## ORDER

Before the Court is an Order and Recommendation from a United States Magistrate Judge in this 42 U.S.C. § 1983 case against medical providers at the Autry State Prison. Plaintiff Lee Sweeney Sinclair (Sinclair) claims that the defendants have been deliberately indifferent to a serious medical need, his preexisting back injury, in violation of the Eighth Amendment to the United States Constitution. The magistrate judge recommends that the Court dismiss (1) all claims arising from conduct in 2009; (2) all claims against the defendants in their official capacities; (3) and all claims arising out of negligence.

Sinclair raises two objections to the Recommendation. First, he contends that the magistrate judge should not have recommended dismissal of his state law negligence claims because the Court possesses supplemental jurisdiction under 28 U.S.C. § 1367. Second, he claims that the "emergency status" of his complaint suffices to state an official capacity claim.

The first objection is meritless. The exercise of supplemental jurisdiction neither abrogates sovereign immunity nor excuses the failure to state a claim. As to the second

1

objection, the Court agrees with Sinclair that some of his official-capacity claims should remain in the case. Although Sinclair cannot seek monetary damages against state actors in their official capacities, *see Ferguson v. Ga. Dep't of Corrs.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006), he can seek prospective injunctive relief against state actors under the doctrine enunciated in *Ex Parte Young*, 209 U.S. 123 (1908), *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) (citing *Young*, 209 U.S. at 168). The Recommendation's rationale therefore does not support dismissal of all official capacity claims.

After a full *de novo* review of the record and Recommendation, the Court adopts in part the Recommendation, as follows: All claims arising from conduct in 2009 are dismissed; all negligence claims (whether state or federal) are dismissed; all official capacity claims for monetary damages are dismissed. The Court does not adopt the recommendation as to *all* official capacity claims—in particular, any claim for prospective injunctive relief shall remain at this stage.[1] Defendants' Motion to Dismiss is **GRANTED**, as set out herein.

**SO ORDERED**, this   17th   day of January, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court does not express any viewpoint on the merit of Sinclair's claims for injunctive relief. This Order turns only on the rationale expressed in the Recommendation and the grounds raised in Defendants' Motion to Dismiss.

2