IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LEE SWEENEY SINCLAIR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:13-cv-63 (WLS) |
| | : | |
| DR. MCGEE *et al*, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Plaintiff Lee Swenny Sinclair apparently moves the Court to certify an interlocutory appeal and to appoint counsel. (Doc. 35.) On the former request, a district court may certify an order for an interlocutory appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C § 1292(b). Sinclair seeks to appeal the Court's dismissal of a number of his claims. The Court declines to certify an interlocutory appeal because his appeal does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Nor would an appeal materially advance the ultimate termination of litigation.

The Court also declines to appoint counsel. There is no constitutional right to counsel in civil cases. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). The Court should appoint counsel "only in exceptional circumstances, 'such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Courts consider a number of factors to determine whether exceptional circumstances exist, including the case's com-

plexity, the litigant's capability, whether the litigant is in a position to adequately investigate his case, and whether the case requires some skill in presenting evidence and in cross-examination. *Collins v. Homestead Corr. Inst.*, 352 F. App'x 848, 849 (11th Cir. 2011). At this stage, there is nothing particularly unusual or complex about Sinclair's claims. Because most of the claims involve Sinclair's personal knowledge, he is in a good position to investigate his own claims. The Court will on later motion reconsider the request if a change in circumstances supports the same.

The motion (Doc. 35) is **DENIED**.

**SO ORDERED**, this      18th    day of June, 2014.

                                                /s/ W. Louis Sands
                                                **W. LOUIS SANDS, JUDGE**
                                                **UNITED STATES DISTRICT COURT**